UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| IN THE MATTER OF | MISC. NO. |
| MAUI POLICE DEPARTMENT, | MEMORANDUM IN SUPPORT |
| Petitioner/Movant, | |
| vs. | |
| CHRISTOPHER GRINDLING, | |
| Respondent. | |

## MEMORANDUM IN SUPPORT OF MOTION

I.    INTRODUCTION

On February 20, 2026, Respondent CHRISTOPHER GRINDLING caused a Subpoena to Produce Documents, Information, or Objects in a Criminal Case, dated February 18, 2026 ("Subpoena") to be served on the Custodian of Records of the Maui Police Department ("MPD") on February 20, 2026, in connection with a Federal criminal case entitled United States of America vs. Christopher Grindling, Cr. No. 25-00066 LEK, U.S. District Court, District of Hawaii. See, Exhibit "A".

The Subpoena served on February 20, 2026 included the following request for records from MPD:

>    2.    Any police reports involving Officer Calvin Dawn, Police
>    Officer II, and CHRISTOPHER GRINDLING, including any

uncharged interactions. This includes but not limited to the multiple times that Officer Dawn has observed the interior of Grindling's house, as referenced in paragraph 30 of Affidavit in Support of Search Warrants ESW2025-0365, 0366, 0367, dated July 2, 2025.

*See,* Exhibit "A" at p. 2.

MPD conducted a review of the police records requested in this case and there are four (4) reports responsive to the above-request: 23017708, 24024679, 25019104 and 25019966. Declaration of Glen R. Pascual ("Pascual Dec.") at ¶4. Of these reports, one report (24024679) is considered to be an "open and ongoing investigation." Pascual Dec. at ¶5.

## II.    ARGUMENT

### A.    LEGAL STANDARD

The Federal Rules of Criminal Procedure Rule 17(c)(2) provides as follows:

> *Quashing or Modifying the Subpoena.* On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

Fed. R. Crim. P. 17(c)(2).

### B.    DISCLOSURE OF A POLICE REPORT THAT IS AN OPEN AND ONGOING INVESTIGATION WOULD BE UNREASONABLE AND OPPRESSIVE.

Full compliance with the subpoena is unreasonable and oppressive because releasing records related to an open and ongoing police investigation would frustrate the legitimate government purpose to protect the confidential nature of investigative

2

police work. It would expose police methods, the available evidence, witness statements, witness identities, and photographs prior to full analysis of the investigative officers. The fact that the investigation is open, and has not been completed, means that the responsive report is not in its final form and is subject to revisions, additions and other changes as new evidence is procured, leads explored, and witnesses interviewed. Releasing information vital to MPD's independent investigation would potentially compromise the integrity of its investigation, affect witness statements, and negatively impact a government process meant to be kept confidential. It is unreasonable to require disclosure of sensitive, confidential police investigations before a case has been closed or charged. Accordingly, MPD asks this Court to partially quash the subpoena.

Further, pursuant to Hawaii Revised Statutes ("HRS") Section 92F-11, most government records are open to public inspection. However, HRS § 92F-13(3) creates an exception for certain government records that, "by their nature, must be confidential in order for the government to avoid the frustration of a legitimate government function." Given that investigation of the matter that is the subject of police report 24024679 is still open and ongoing, it would be inappropriate to release records related to it. MPD has a legitimate interest in the full and fair investigation of pending matters, and it would clearly frustrate the government function of MPD's investigations if such records were made available.

3

## III.    CONCLUSION

The subpoena is unreasonable and oppressive to the extent it seeks police reports that are still open and ongoing investigations. Therefore, Petitioner Maui Police Department respectfully requests that the subpoena be partially quashed. The report being requested must be withheld in order to avoid the frustration of a legitimate government function.

DATED:  Wailuku, Maui, Hawaii, March 24, 2026.

VICTORIA J. TAKAYESU
Corporation Counsel
Attorneys for Petitioner
 MAUI POLICE DEPARTMENT

By:   /s/ Glen R. Pascual
     GLEN R. PASCUAL
     Deputy Corporation Counsel

4