UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| MAUI POLICE DEPARTMENT,<br><br>                    Plaintiff,<br><br>     vs.<br><br>CHRISTOPHER GRINDLING,<br><br>                    Defendant. | MC. NO. 26-00086 LEK-KJM |

**ORDER DENYING MOTION TO PARTIALLY QUASH**
*SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR*
*OBJECTS IN A CRIMINAL CASE DATED FEBRUARY 18, 2026*

The issue before the Court is whether a subpoena issued at the behest of Defendant/Respondent Christopher Grindling ("Grindling") and served upon the Custodian of Records of Petitioner Maui Police Department ("Petitioner") on February 20, 2026 in the instant matter should be partially quashed.[1] This issue is in an unusual position as Petitioner, which filed a motion to quash the subpoena on March 24, 2026, [Petitioner's Motion to Partially Quash *Subpoena to Produce Documents, Information, or Objects in a Criminal Case* Dated February 18, 2026, filed 3/24/26 (dkt. no. 1) ("Motion"),] withdrew the motion to quash on May 5, 2026, [Petitioner's Notice of Withdrawal of Its Motion to Partially Quash *Subpoena*

_____

[1] The subpoena was issued in United States v. Christopher Grindling, CR 25-00066 LEK ("CR 25-066").

*to Produce Documents, Information, or Objects in a Criminal Case* Dated February 18, 2026, filed 5/5/26 (dkt. no. 9)]. Plaintiff the United States of America ("the Government"), however, opposes Grindling's subpoena and urges the Court to quash because discovery of police investigatory reports is not authorized by the Federal Rules of Criminal Procedure and Grindling fails to demonstrate relevance and admissibility of prior search warrants and records of interactions with him by Petitioner. [Govt.'s response to Motion, filed 4/27/26 (dkt. no. 8) ("Response"), at 7-9.]

The Motion is denied because Petitioner, by withdrawing its Motion, concedes that compliance with the subpoena is not unreasonable and oppressive. As to the Government's objections, the Court finds that the Government does not have standing to move to quash the subpoena duces tecum served on Petitioner.

### BACKGROUND

Grindling was arrested on July 14, 2025 pursuant to an arrest warrant issued based on a criminal complaint filed against him on that same date. [Criminal Complaint, filed 7/14/25 (dkt. no. 1); Arrest Warrant, filed under seal 7/14/25 (dkt. no. 2).] He was charged by way of indictment on July 24, 2025 with one count of possession with intent to distribute 50

grams or more of methamphetamine. [Indictment, filed 7/24/25 (dkt. no. 10).]

According to the affidavit submitted in support of the Criminal Complaint:

> In June 2025, during a child enticement operation on the Island of Maui, a Maui Police Detective, acting in an undercover capacity ("the UC"), engaged in internet-based communications with GRINDLING. During those communications, GRINDLING offered money and narcotics, including marijuana and methamphetamine, using the slang terms "green" for marijuana and "clear" for methamphetamine, to the UC. GRINDLING sent a series of photographs to the UC, one of which . . . depicts a glass jar containing multiple zip top bags of a crystalline substance that appeared to be methamphetamine.

[Criminal Complaint, Affidavit of Erich Daludado ("Daludado Aff.") at ¶ 4 (emphases in original).[2]]

A State of Hawai`i search warrant was obtained for Grindling's residence in Kahului on the Island of Maui. On July 10, 2025, search warrants for Grindling's person and residence were executed. During the search, a safe was found that appeared to be the safe depicted in the photographs that Grindling sent the UC. [Id. at ¶¶ 6-7.] The following items were found inside the safe:

- a glass mason jar containing ten zip top bags containing, cumulatively, approximately

---

[2] Erich Daludado is a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations. [Daludado Aff. at ¶ 1.]

> 111.9 grams of a substance which a field test indicated was methamphetamine;
>
> - a glass mason jar containing a substance which a field test indicated was 7.88 grams of suspected marijuana;
>
> - a black colored tin can containing approximately 3.44 grams of a substance which a field test indicated was methamphetamine;
>
> - a functioning "Weigh Gram" brand digital gram scale; and
>
> - more than 100 zip top baggies.

[Id. at ¶ 8 (footnote omitted).]

Grindling's counsel in CR 25-066 caused a Subpoena to Produce Documents, Information, or Objects in a Criminal Case, dated February 18, 2026, to be served on Petitioner's Custodian of Records ("Subpoena"). See Motion, Declaration of Glen R. Pascual ("Pascual Decl."), Exh. A (Subpoena). The Subpoena sought:

> 1.  Any previously issued search warrants and related documents targeting CHRISTOPHER GRINDLING and/or his effects or property or residence. To include, but not limited to, a search warrant issued on or about 2020 for Mr. Grindling's residence located at . . . Kahului, HI, and a green jeep associated with Mr. Grindling. This requests includes: (1) affidavit(s) in support of search warrant(s); (2) search warrant(s); and (3) return on search warrant(s).
>
> 2.  Any police reports involving Officer Calvin Dawn, Police Officer II, and CHRISTOPHER GRINDLING, including any uncharged interactions. This includes but [is] not

4

> limited to the multiple times that Officer Dawn has observed the interior of Grindling's house, as referenced in paragraph 30 of Affidavit in Support of Search Warrants ESW2025-0365, 0366, 0367, dated July 2, 2025.
>
> 3.   Any reports or information relied upon by Officer Calvin Dawn, Police Officer II, as referenced in paragraph 22(a)-(f) of Affidavit in Support of Search Warrants ESW2025-0365, 0366, 0367, dated July 2, 2025. The identity of confidential informants is not included in this request, however the details of the information provided to Officer Dawn is being requested. . . .

[Id. at PageID.11-12 (emphases in original).]

Petitioner identified four documents that were responsive to the Subpoena: report numbers 23017708, 24024679, 25019104, and 25019966. [Pascual Decl. at ¶ 4.] Of those reports, only report number 24024679 was part of an open and ongoing investigation. See id. at ¶ 5. On April 1, 2026, Petitioner produced report numbers 23017708, 25019104, and 25019966 to the Government and Grindling. See Govt.'s Response at 3. Thus, the issue before this Court is whether Petitioner must produce report number 24024679 and any other document responsive to the Subpoena that was not identified in the Motion.

## STANDARDS

Rule 17 of the Federal Rules of Criminal Procedure pertains to the requesting and quashing of subpoenas for items in criminal cases:

> (c)  Producing Documents and Objects.
>
> > (1)  In General. A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.
> >
> > (2)  Quashing or Modifying the Subpoena. On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

Fed. R. Crim. P. 17(c)(1)-(2).

The Government has the burden of proving that it has standing to move to quash a subpoena. United States v. Tomison, 969 F. Supp. 587, 596 (E.D. Cal. 1997) ("Since standing goes to the jurisdiction of the court, the government, as the party attempting to invoke the court's jurisdiction, has the burden of demonstrating that it has standing." (citing KVOS, Inc. v. Associated Press, 299 U.S. 269, 278, 57 S. Ct. 197, 200-01, 81 L. Ed. 183 (1936); Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986))). It has standing when the subpoena infringes upon the movant's legitimate interests. United States v. Jenkins, 895

6

F. Supp. 1389, 1393 (D. Hawai`i 1995) (citing <u>United States v. Raineri</u>, 670 F.2d 702, 712 (7th Cir.), *cert. denied*, 459 U.S. 1035, 103 S. Ct. 446, 74 L. Ed. 2d 601 (1982)).

<u>**DISCUSSION**</u>

Petitioner filed the instant Motion seeking to quash, in part, Grindling's Subpoena, which seeks police reports and investigation information, and Petitioner argued that, because the Subpoena sought information about an ongoing investigation, it was oppressive and unreasonable. <u>See</u> Motion, Mem. in Supp. at 2. The Government filed a response and objected to the production of the documents because the Subpoena does not specifically identify the documents that Grindling seeks and because the discovery sought is neither relevant to nor admissible in CR 25-066. <u>See</u> Govt.'s Response at 7.

First, the Government has not moved to quash the Subpoena but has merely argued that the Subpoena is not proper and thus cannot compel production.

Even assuming the Government did move to quash, it does not have standing to do so because it fails to demonstrate that the Subpoena infringes upon its legitimate interests. In <u>Tomison</u>, 969 F. Supp. at 596, the government argued, as it does similarly here, that it had standing to quash because it was ensuring that Rule 17(c)was not being used improperly as a discovery tool. The district court stated:

7

A party only has standing to move to quash the subpoena issued to another when the subpoena infringes upon the movant's legitimate interests. See Jenkins, 895 F. Supp. at 1393; United States v. Raineri, 670 F.2d 702, 712 (7th Cir.) (citing In re Grand Jury, 619 F.2d 1022, 1027 (3rd Cir. 1980)), *cert. denied,* 459 U.S. 1035, 103 S. Ct. 446, 74 L. Ed. 2d 601 (1982); see also Ponsford v. United States, 771 F.2d 1305, 1308 (9th Cir. 1985) (identifying proprietary interest as basis for standing).[3] "In many instances, the opposing party in a criminal case will lack standing to challenge a subpoena issued to a third party because of the absence of a claim of privilege, or the absence of a proprietary interest in the subpoenaed material or of some other interest in the subpoenaed documents." [United States v.] Beckford, [964 F. Supp. 1010,] 1023 [(E.D. Va. 1997)] (citing United States v. Reyes, 162 F.R.D. [468,] 470–71 [(S.D.N.Y. 1995)]). As the Supreme Court has explained "[a] subpoena for documents may be quashed if their production would be 'unreasonable or oppressive' but not otherwise." [United States v.] Nixon, 418 U.S. [683,] 698, 94 S. Ct. [3090,] 3103 [(1974)].[4] Accordingly the government lacks standing to raise the exclusive grounds for quashing the subpoena, since it lacks the sine qua non of standing, an injury in fact relative to those grounds. See, e.g., Gladstone Realtors v. Bellwood, 441 U.S. 91, 99, 99 S. Ct. 1601, 1607–08, 60 L. Ed. 2d 66 (1979) (injury in fact) Tileston v. Ullman, 318 U.S. 44, 46, 63 S. Ct. 493, 494, 87 L. Ed. 603 (1943) (no standing to raise third party's injury).

---

[3] Ponsford was superseded on other grounds by Irwin v. Department of Veteran's Affairs, 498 U.S. 89 (1990). See, e.g., McIndoo v. United States, No. SA MC 15-0019-JLS(DFMx), 2016 WL 1597107, at *2 (C.D. Cal. Jan. 12, 2016), *report and recommendation adopted*, 2016 WL 1588481 (Apr. 19, 2016).

[4] Nixon has been superseded by statute on other grounds. See, e.g., United States v. Lipman, Case No. 2:23-cr-00491-FLA, 2024 WL 4043808, at *1 (C.D. Cal. Sept. 4, 2024) (citing Bourjaily v. United States, 483 U.S. 171, 177 (1987)).

Id. (some alterations in Tomison).

The Government does not convincingly state a legitimate interest that has been infringed upon by Petitioner's Subpoena. There is no interest, such as preventing an unduly lengthening of trial or harassment of a witness. See, e.g., Jenkins, 895 F. Supp. at 1393 (finding the government had standing to move to quash subpoena based on the infringement of its legitimate interest in protecting the victim from harassment).

Because the Government lacks standing and Petitioner has withdrawn its argument that the Subpoena is unreasonable and oppressive, the Motion is denied and Petitioner is ordered to produce report number 24024679, was well as any other remaining documents responsive to the Subpoena, by no later than **June 9, 2026.**

**CONCLUSION**

For the foregoing reasons, Petitioner's Motion to Partially Quash *Subpoena to Produce Documents, Information, or Objects in a Criminal Case* Dated February 18, 2026, filed March 24, 2026, is HEREBY DENIED. The Government's objections to the Subpoena, which it raised within its response to the Petition, filed April 27, 2026, are also DENIED.

Petitioner is ORDERED to produce any remaining documents responsive to the Subpoena by no later than **June 9, 2026.**

In addition to filing this Order in the instant case, the Clerk's Office is DIRECTED to file this Order in <u>United States v. Grindling</u>, CR 25-00066 LEK.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 19, 2026.



/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

MAUI POLICE DEPARMENT VS. CHRISTOPHER GRINDLING; MC 26-00086 LEK-KJM; ORDER DENYING MOTION TO PARTIALLY QUASH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE DATED FEBRUARY 18, 2026